FILED
United States Court of Appeals
Tenth Circuit

April 29, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY D. CROSBY,

    Defendant - Appellant.

No. 25-3153
(D.C. No. 5:09-CR-40049-KHV-1)
(D. Kans.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Mr. Gregory Crosby was convicted of attempting to rob a bank and conveying false information about a bomb threat. 18 U.S.C. §§ 1038, 2113(a). The district court sentenced Mr. Crosby to 262 months' imprisonment. Mr. Crosby later filed two motions to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(A). The district court denied both motions, and

---

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

we affirmed both rulings. *United States v. Crosby*, No. 23-3034, 2023 WL 4938343, at *2 (10th Cir. Aug. 3, 2023) (unpublished); *United States v. Crosby*, No. 24-3018, 2024 WL 2955558, at *1 (10th Cir. June 12, 2024) (unpublished).

Mr. Crosby then moved again to reduce his sentence, urging (1) an early release based on his age and rehabilitation and (2) a chance to serve the rest of his sentence in a residential re-entry center. *See* 18 U.S.C. § 3624(c)(1). The district court denied this motion in part for failure to exhaust administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (stating that a defendant may move for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"); *see also United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10th Cir. 2021) ("Section 3582(c)(1)(A) requires exhaustion before a court may consider a motion for compassionate release."). The court also concluded that it lacked jurisdiction to order Mr. Crosby's transfer to a residential re-entry facility.

Mr. Crosby appeals, arguing that the district court abused its discretion. But he doesn't adequately challenge the district court's rulings that

2

- he didn't exhaust administrative remedies before filing the third motion to reduce his sentence and

- jurisdiction didn't exist for an order to place him in a residential re-entry facility.[1]

Mr. Crosby is pro se, so we liberally construe his appeal brief. *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). But pro se litigants must follow the same rules of procedure as other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Under these rules, Mr. Crosby needed to say why he thought the district court erred. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

He says that "all appeals have been exhaust[ed]." Appellant's Opening Br. at 7. But he doesn't say how he exhausted the third motion or

---

[1] In the district court, Mr. Crosby submitted documents showing that he had exhausted administrative remedies before filing his second motion for reduction of his sentence. *See United States v. Crosby*, No. 5:09-cr-40049-KHV-1, Doc. 240 (D. Kan. Aug. 18, 2025). But these documents address an earlier motion; Mr. Crosby does not argue on appeal that these documents show exhaustion of his third motion, which is the one we're addressing.

3

why he thinks that the district court erred.[2] So we affirm the denial of Mr. Crosby's motion to reduce his sentence.[3]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2]     The district court also reasoned that Mr. Crosby had failed to show "extraordinary and compelling reasons" for a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A). We need not address this reasoning because we affirm on other grounds.

[3]     Though we affirm the district court's ruling, we grant Mr. Crosby's motion for leave to proceed in forma pauperis.

4